### ROBERTS v. J. C. PENNEY CO.
### No. 4085.

Court of Civil Appeals of Texas. Texarkana.
Nov. 12, 1931.

F. M. Bransford, of Fort Worth, for plaintiff in error.

McLean, Scott & Sayers and Paddock, Massingill & Belew, all of Fort Worth, for defendant in error.

WILLSON, C. J.

Butcher and Sweeny, contractors, employed by defendant in error, J. C. Penney Company, a corporation, to construct a building for it in Fort Worth, employed D. M. Wilhoit to put in the plumbing for the building. Wilhoit employed plaintiff in error, D. W. Roberts, a plumber, to assist in doing the work. Roberts suffered injury to his person by the falling of a scaffold he was on in the building. He claimed the scaffold was caused to fall by the act of one Hoyt in knocking down a post supporting it. He claimed, further, that Hoyt at the time was employed by the Penney Company; was acting within the scope of his employment when he knocked the post down; and that in knocking same down was guilty of actionable negligence, for which the Penney Company was liable to him for the damage he suffered. It was on that theory that he commenced and prosecuted this suit against the Penney Company. In its answer to the suit, the Penney Company, among other things, alleged that Roberts had "been settled with and fully compensated by some one unknown to defendant (quoting) for any damages which the plaintiff might have received," etc.; and denied that Hoyt was acting within the scope of authority he had as its agent in doing any of the things he was charged by Roberts with doing. The Texas Employers' Insurance Association intervened in the suit, setting up that, as insurers of Butcher and Sweeny under the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.), it had been forced to pay appellant $610 on account of the injury he had suffered because of the falling of the scaffold, and praying that it have judgment against the Penney Company for that amount. On findings made by a jury on special issues submitted to them, judgment was rendered denying Roberts a recovery of anything against the Penney Company, and also denying the insurance association a recovery of anything against the Penney Company. The writ of error was sued out by Roberts alone.

In response to special issues submitted to them, the jury found that Hoyt directed Roberts to go upon the scaffold and was guilty of actionable negligence when he knocked down the post supporting the scaffold while Roberts was on same. The jury found, further, that Hoyt was the Penney Company's employee, but that he was not acting within the scope of his duties as such at the time he gave such instructions to Roberts and knocked the post down. Roberts insists it conclusively appeared in the evidence that Hoyt was acting within the scope of his employment, and therefore that the trial court erred when he determined to the contrary and submitted to the jury an issue as to whether Hoyt was so acting or not. The Penney Company, on the other hand, insists, not only that there was

evidence tending to support the finding of the jury in question, but that there was no evidence which would have warranted a finding to the contrary.

We think the Penney Company's contention should be sustained. It appeared that Hoyt was the architect employed by the Penney Company to see to it that the building was constructed according to plans and specifications covering it, that on the occasion of the accident Hoyt had a photographer in the building to take pictures showing work done thereon, and that the view of such work was obstructed by things he directed Roberts to remove from the scaffold and by the post he (Hoyt) knocked down. But there was no evidence tending in the least to show that the Penney Company had authorized Hoyt to take the pictures nor that taking them was within the scope of duties he owed the Penney Company as such architect. 5 C. J. 256 et seq. There was evidence that trivial departures from the plans were made by Roberts and other employees of Wilhoit in obedience to instructions given them by Hoyt, but there was no evidence tending in the least to show that Hoyt was authorized by the Penney Company to change such plans. On the contrary, there was evidence that one Meyer, representing the Penney Company, and having a right to do so, refused to recognize Hoyt's right to make such changes, and that Hoyt himself, instead of the Penney Company, had to pay expense incurred in making them. Roberts having failed to discharge the burden resting upon him (2 Tex. Jur. 499 et seq.) to show that in directing him to go upon the platform and in knocking down the post supporting same Hoyt acted within the scope of his employment by the Penney Company, it would not have been error had the court below declined to submit the case to the jury and instead had instructed them to return a verdict in appellee's favor. That being true, as we view the case, it is unnecessary to state and discuss other contentions presented in Robert's brief.

The judgment is affirmed.